(35 Misc. Rep. 27.)

### BERNARD–BEERE v. KLAW et al.

(Supreme Court, Appellate Term. April 29, 1901.)

BOND OF INDEMNITY—OBLIGATION—EVIDENCE.

    Where defendants entered into a bond to indemnify plaintiff against her being required to pay any money under a paper writing, of which a copy was stated to be annexed to such bond, and the copy so annexed was an unsigned memorandum of a contract, in an action on such bond evidence to show that at the time the bond was executed there existed a duly-signed contract, containing the exact terms of such memorandum, was inadmissible, since the obligation of a bond could not be enlarged in an action brought to enforce it, though it might be reformed in an action brought for that purpose.

Appeal from city court of New York, general term.

Action by Annie M. Bernard-Beere against Marc Klaw and others. From a judgment of the general term of the city of New York (66 N. Y. Supp. 495) affirming a judgment in favor of defendants, plaintiff appeals. Affirmed.

In 1892 the plaintiff, an English actress, came to this country under a contract with the defendant Mayer, a theatrical manager, for a tour during the theatrical season 1892–93. After a time and mutual discussion, said parties agreed to cancel their contract upon a settlement between themselves. One of the topics discussed and one of the elements of the settlement was a claim made by Mrs. Bernard-Beere that she was under a contract with Mr. Charles Wyndham to produce in this country during that season a certain play named the "Fringe of Society," belonging to said Wyndham, for at least 50 performances, at a certain percentage of the gross receipts to be paid to him, and for such performances as did not take place $25 per night, and she claimed that inasmuch as her contract with Mayer was to be abrogated, and she could not present the 50 performances of that play, she would be liable to Wyndham in the sum of $1,250, and demanded that that sum be paid to her to liquidate Wyndham's claim against her, in addition to the other terms personal to herself. As the result of such negotiations, on the 8th day of December, 1892, the following paper was executed: "Whereas, Mrs. Bernard-Beere claims that she may be or become liable to Charles Wyndham in the sum of twenty-five dollars a performance for fifty performances of the play entitled 'The Fringe of Society,' to be given in a tour of America, during the season of 1892 and 1893, on a paper writing of which the annexed is a copy; and whereas, as a condition for the cancellation of an agreement between Marcus R. Mayer and the said Mrs. Beere, she requires that she be indemnified and held harmless against and from the payment of the said amount due, or any other amount which may become due, to the said Charles Wyndham thereunder: Now, in consideration of the premises, and of the sum of one dollar to us in hand paid by the said Mrs. Bernard-Beere, the receipt whereof is hereby acknowledged, we do hereby jointly and severally promise and agree to and with the said Mrs. Bernard-Beere that we will and hereby do indemnify and hold her harmless against and from the payment of any sum of money to the said Charles Wyndham under or by reason of said contract." This was signed, sealed, and acknowledged by all the defendants. Attached thereto was the following, alluded to in the first paragraph as "a paper writing of which the annexed is a copy": "Charles Wyndham: I agree to take the Fringe of Society for a tour in America this year of 1892 and 1893. I will pay three per cent. of gross receipts for each performance, weekly settlement. I guaranty you at least fifty performances during said tour, or, failing that number, will pay you three per cent. of gross receipts for such performances as take place, and for the balance at the rate of twenty-five dollars per performance. I will not part with this right to the piece without your permission or being understood that is reserved for me. October 11, 1892." The complaint alleged that "thereafter, and on the 7th day of December, 1894, under and by reason of the said contract referred to in this said bond, this plaintiff was compelled to and did pay to the said Charles Wyndham" $1,250, and had demanded the repayment of said sum from defendants, who had refused payment, and demanded judgment therefor. To sustain the issues, plaintiff offered testimony tending to show the facts and circumstances surrounding the making of this bond of indemnity; the existence of a contract between the plaintiff and said Wyndham upon the precise terms set forth in the "paper writing" attached to the bond; the payment to Wyndham by plaintiff of $1,250 in accordance with the terms of their contract; and the facts and circumstances of that payment. All of this testimony was excluded. The complaint was dismissed, and the judgment entered thereon was affirmed, on appeal, by the general term of the city court.

Argued before BISCHOFF, P. J., and CLARKE and LEVEN-TRITT, JJ.

Howe & Hummel, for appellant.
Mitchell L. Erlanger, for respondents Jefferson and others.
Dittenhoefer, Gerber & James, for respondent Mayer.

PER CURIAM. The bond of indemnity, in terms, restricted the liability of the defendants to the amount which the plaintiff might

be called upon to pay under a written contract. The obligation could not be enlarged in an action brought to˙ enforce the stated liability, and the sole purpose of the evidence excluded at the trial was to ·show the existence of a contract not covered by the bond in suit. Doubtless a reformation of the instrument, to express the intention of the parties, might have been obtained in an action brought for that purpose in a court having jurisdiction to grant the appropriate relief; but, having elected to sue upon the instrument as it stands, the plaintiff has invited defeat, and has left us no alternative but to affirm the judgment.

Judgment affirmed, with costs.